IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LLOYD P., | Case No. 3:18-cv-01555-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Plaintiff Lloyd P.[1] brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying him Supplemental Security Income ("SSI") under Title

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

XVI of the Act. 42 U.S.C. § 1381 *et seq*. The Commissioner agrees that the Administrative Law Judge ("ALJ") committed legal error in his decision, and argues that this case should be reversed and remanded for further administrative proceedings. Def. Br. & Mot. Remand, at 1-2 (Docket No. 18). Plaintiff argues the proper remedy is remand for immediate calculation of benefits. (Docket Nos. 15, 19). For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS this action for further administrative proceedings.

## PROCEDURAL BACKGROUND

On October 22, 2014, plaintiff filed an application for SSI, alleging a disability onset of July 14, 1992. Tr. 17.[2] His claim was denied initially on May 4, 2015, and upon reconsideration on October 5, 2015. Tr. 113, 125. On October 30, 2015, plaintiff requested a hearing, Tr. 139, which was held May 3, 2017, before ALJ Rudolph M. Murgo. Tr. 32-52. Plaintiff appeared and testified, represented by counsel; a vocational expert also testified. *Id.* On August 2, 2017, the ALJ issued a decision finding plaintiff not disabled under the Act and denying benefits. Tr. 12-31. On October 6, 2017, plaintiff requested Appeals Council review, which was denied June 27, 2018. Tr. 1, 199. Plaintiff then sought review before this Court.[3]

## FACTUAL BACKGROUND

Plaintiff was born in 1967. Tr. 114.[4] He has a ninth-grade education and has completed no specialized job training. Tr. 235. He has past work experience as a fast food cashier and as a landscaper. Tr. 235. He has been incarcerated six or seven times, the last time ending in 2011. Tr. 240, 309. He suffers from personality disorders, conduct disorders, posttraumatic stress

---

[2] Plaintiff had previously been denied disability benefits following a hearing on February 22, 2013. Tr. 77. The Appeals Council denied his request for review on that claim on May 7, 2014. Tr. 96.
[3] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 6).
[4] "Tr." citations are to the Administrative Record. (Docket No. 14).

disorder ("PTSD"), anxiety, depression, and Saigonensis disorder. Tr. 240. He has also been assessed as having schizoaffective order, bipolar type, and unspecified psychosis with auditory and occasional visual hallucinations. Tr. 410-11. Plaintiff has a history of suicidal ideation and in 1990 was institutionalized for three months at a state hospital. Tr. 309. He has a history of alcohol, methamphetamine, and cannabis abuse, and the record is unclear on how long he has been sober and when he may have relapsed. Tr. 422, 686, 744.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17. At step two, the ALJ found that plaintiff had these severe impairments: antisocial personality disorder, secondary posttraumatic stress disorder, and schizoaffective disorder. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 18. In particular, the ALJ considered Listing 12.03, "Schizophrenia spectrum and other psychotic disorders."[5] The ALJ found that plaintiff did not meet the Paragraph B criteria of Listing 12.03,

---

5     12.03 Schizophrenic, Paranoid and Other Psychotic Disorders: Characterized by the onset of psychotic features with deterioration from a previous level of functioning.
The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
    A. Medically documented persistence, either continuous or intermittent, of one or more of the following:
       1. Delusions or hallucinations; or
       2. Catatonic or other grossly disorganized behavior, or
       3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:
          a. Blunt affect; or
          b. Flat affect; or
          c. Inappropriate affect; or

       4. Emotional withdrawal and/or isolation;
   AND
    B. Resulting in at least two of the following:
       1. Marked restriction of activities of daily living; or
       2. Marked difficulties in maintaining social functioning; or

nor the Paragraph C criteria. The ALJ called Rita Clark, M.D., a psychiatrist, to review plaintiff's records as an impartial medical expert and to testify at the hearing, and the ALJ adopted her opinions "in part," giving some "significant weight" and others "limited weight." Tr. 15, 22-23. The ALJ found that plaintiff had the RFC to perform work at all exertional levels, with these non-exertional limitations: he was limited to simple, routine, repetitive tasks; could have no public contact; could have only superficial contact with coworkers regarding trivial matters; was limited to low stress work; and should not work in physical proximity to coworkers. Tr. 20. At step four, the ALJ found that plaintiff could not perform past relevant work. Tr. 24. At step five, the ALJ found that plaintiff could successfully adjust to other jobs that exist in significant numbers in the national economy, including janitor, construction laborer, and lab helper. Tr. 25. The ALJ thus found plaintiff not under a disability since the application date, and not entitled to benefits. *Id.*

---

        3. Marked difficulties in maintaining concentration, persistence, or pace; or
        4. Repeated episodes of decompensation, each of extended duration;
  OR
    C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
        1. Repeated episodes of decompensation, each of extended duration; or
        2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
        3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. pt. 404, subpt. P, app'x 1, § 12.03, *available at* https://secure.ssa.gov/poms.nsf/lnx/0434132009; *see also Colcord v. Colvin*, 91 F. Supp. 3d 1189, 1198 (D. Or. 2015).

Page 6 – OPINION AND ORDER

**ANALYSIS**

In his Opening Brief, plaintiff asserted two errors: (1) that the ALJ improperly rejected Dr. Clark's opinions, who testified that plaintiff met Listing 12.03; and (2) that the ALJ improperly rejected plaintiff's subjective symptom testimony. (Docket No. 15). Plaintiff argues that the Court should apply the "credit as true" doctrine, *see Treichler v. Comm'r*, 775 F.3d 1090, 1100-01 (9th Cir. 2014), credit Dr. Clark's opinions and plaintiff's testimony as true, and remand this action for immediate award of benefits. In her Response Brief, the Commissioner agrees that the ALJ erred in discounting Dr. Clark's opinions, but argues that the Court should remand for further administrative proceedings. (Docket No. 18).

Because the parties' dispute concerns the appropriate remedy and not the existence of reversible error, the Court first lays out the standards for application of the "credit as true" doctrine. It then applies that doctrine to plaintiff's asserted errors.

**I.      The "Credit-as-True" Doctrine and Potential Remedies**

It lies within the district court's discretion whether to remand for further proceedings or to order an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation and italics omitted). This "credit-as-true" rule has three steps: first, the court "ask[s] whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; second, if the ALJ has erred, the court "determine[s] whether the record has been fully developed, whether there are outstanding issues that must be

resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and third, if the court "conclude[s] that no outstanding issues remain and further proceedings would not be useful," it may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Treichler*, 775 F.3d at 1100-01 (quotations, citations, and alterations omitted). The court may then "remand to an ALJ with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014. If, "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the court should remand for further proceedings. *Garrison*, 759 F.3d at 1021.

The Court now applies these principles specifically to Dr. Clark's opinions and plaintiff's subjective testimony.

## II. Medical Opinions of Reviewing Physician Dr. Clark

The ALJ called Dr. Clark to review plaintiff's medical record and testify at the hearing. Tr. 36-38.[6] Dr. Clark testified that plaintiff had schizoaffective disorder, PTSD, and a history of alcohol and substance abuse disorder. *Id.* She testified that plaintiff had moderate limitations in understanding, remembering, or applying information; marked social difficulties; moderate limitations in concentration, persistence, and pace; and moderate limitations in self-care. *Id.* She

---

[6] The ALJ's decision refers to a "Rita Clark, M.D.," as the medical expert who testified at the hearing. Tr. 15, 22-23. The curriculum vitae for the testifying medical expert in the administrative record also references a "Rita W. Clark, M.D." Tr. 769. However, the administrative hearing transcript makes no reference to a Dr. Clark and instead references a "Lisa W. Parker, M.D." *See* Tr. 32-35. After a close and careful review of the record, the Court assumes that the administrative hearing transcript errantly refers to "Lisa W. Parker, M.D.," where it should instead state "Rita W. Clark, M.D." The parties' briefing is silent on this issue. However, on remand, the Commissioner must reconcile this conflict as this case potentially hinges on the opinion of the medical expert who testified at the hearing whose name appears nowhere in the ALJ's decision.

testified that plaintiff met the Paragraph C criteria of Listing 12.03. *Id.* She also testified that it was unclear from the record when plaintiff stopped using drugs and alcohol heavily because his statements at the hearing were inconsistent with the record. *Id.*

The ALJ gave significant weight to Dr. Clark's opinions regarding plaintiff's Paragraph B limitations, and "adopted them into this decision." *Id.* However, the ALJ gave "little weight" to Dr. Clark's opinions that plaintiff met Paragraph C, for several reasons, citing plaintiff's ability to "independently perform a wide variety of daily activities"; the lack of clarity regarding cessation of drug and alcohol use; and the fact that she "did not take into account the claimant's abilities if he maintained long-term sobriety, . . . followed up with consistent treatment for his impairments, and took his medication as prescribed." Tr. 23.

Plaintiff argues that the ALJ erred in discounting Dr. Clark's opinions for multiple reasons. First, plaintiff argues that his daily activities are minimal and "already part of his daily life," but do not demonstrate an ability to adapt to changes and are not inconsistent with Listing 12.03 Paragraph C. Second, plaintiff argues that Dr. Clark did consider the effect of drug and alcohol use, but she also testified:

> I don't know what his current status is with the alcohol, but in any case, I believe it's self-treatment so it is not material. . . . Well because I believe in these cases it's usually self-treatment. It doesn't cause the psychotic symptoms. It doesn't cause the schizoaffective disorder. . . . I don't think the alcoholism nor other drug use is causing him to have schizoaffective disorder. As I said, I regard that as self-treatment.

Tr. 36-40. Third, plaintiff argues that the record shows long-term sobriety, but with one relapse in May 2016, and that he otherwise showed a commitment to sobriety. Tr. 23, 36-40, 679. Fourth, plaintiff argues that he stopped mental health treatment in January 2017 only because insurance had lapsed. Tr. 37-38. Plaintiff thus argues that the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record for discounting Dr. Clark's

opinions. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999).

The Commissioner agrees that the ALJ committed reversible error, and did not provide substantial evidence for discounting Dr. Clark's opinions. Def. Resp. & Mot., at 1-2 (Docket No. 18). The Commissioner does not fully explain her reasons for agreeing that the ALJ erred, and instead her briefl is largely concerned with merely recapitulating Dr. Clark's opinions. The Commissioner does state that "the ALJ did not address [Dr. Clark's] opinion fully." *Id.* at 3. As best the Court can determine, the Commissioner's position appears to be that the ALJ erred in discounting Dr. Clark's opinions for each of the reasons plaintiff asserts.

Nonetheless, the Court finds that outstanding issues remain regarding Dr. Clark's opinion, that the record is not fully developed, and that further proceedings would be useful. *Treichler*, 775 F.3d at 1100-01; *Garrison*, 759 F.3d at 1020-21. The Court further finds that it retains doubts regarding whether plaintiff is disabled even if it credited Dr. Clark's opinions (and plaintiff's testimony, as discussed below) as true, specifically, given the longitudinal picture of plaintiff's mental health treatment and history of drug and alcohol use. Specifically, the Court finds that further development of the record, including additional testimony and opinion evidence, regarding the extent and recentness of plaintiff's drug and alcohol use, and its potential effect on his symptoms and limitations, is required before a disability determination is made. *E.g.*, Tr. 352, 415, 422, 678-79, 683, 686, 689, 726. *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). Further proceedings would also be useful as to the extent of plaintiff's mental health treatment, and plaintiff's involvement and commitment thereto, before the 2017 insurance lapse. *E.g.*, Tr. 420, 430, 460, 475, 489, 673, 675-76, 686, 687, 706-09, 718-21, 761, 764. *See Garrison*, 759 F.3d at 1036; *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Also, the

ALJ should reconsider whether plaintiff meets the Paragraph C criteria, including with regarding to his daily activities. *See Tommasetti v. Astrue, 533 F.3d 1035*, 1040 (9th Cir. 2008).

As to Dr. Clark's opinions, immediate award of benefits is not justified, this matter requires remand for further proceedings.[7]

### III. Plaintiff's Subjective Symptom Testimony

The ALJ discounted plaintiff's subjective symptom testimony because it was not entirely consistent with the medical evidence of record, because the record does not support the severity of his alleged mental limitations, and because his activities are inconsistent with his alleged impairments and limitations. Tr. 22.

Plaintiff argues that the ALJ erred because "the record shows that Plaintiff's inconsistent treatment and medical use were both a result of his insurance availability as well as his underlying psychiatric issues," and that the record does not show that consistent treatment and medication would eliminate his symptoms. Pl. Open. Br., at 13 (Docket No. 15). Plaintiff also argues that the ALJ erred because his daily activities do not translate into a work setting, because a claimant need not be "utterly incapacitated" to be eligible for disability benefits, and because the activities were not inconsistent with his testimony. *See Smolen*, 80 F.3d at 1273 n.7.

---

[7] In his Reply Brief, plaintiff argues that remand for immediate award of benefits is required because "Defendant's Brief acknowledged that the ALJ failed to provide adequate rationale for rejecting Dr. Clark's opinion that Plaintiff met a listing. The very reasons Defendant argues the case requires further proceedings are the same reasons Defendant acknowledges are inadequate." Pl. Reply, at 1-2 (Docket No. 19). However, the ALJ's failure to adequately analyze certain issues, sufficiently consider the record, and properly apply the relevant standards does not entail that Dr. Clark's opinions *cannot* be discounted for such reasons, merely that the ALJ had not satisfactorily done so thus far. The ALJ's error does not necessarily lead to the conclusion that because the ALJ did not provide acceptable rationale for discounting the opinions, the Court must credit those opinions as true. It further does not entail that the ALJ's error means that plaintiff necessarily meets Listing 12.03. Further development of the record, additional testimony, and a reexamination of the ALJ's reasoning in a new decision are required.

To discount a plaintiff's subjective symptom testimony, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient to support an adverse credibility determination; the ALJ must rely on substantial evidence. *Id.*

The Commissioner's briefing is unclear as to whether she agrees with plaintiff that the ALJ erred in assessing plaintiff's testimony, and the briefing largely overlooks this asserted error. However, the Commissioner did note that, on remand, the ALJ shall "further evaluate Plaintiff's subjective complaints." Def. Br. & Mot., at 2 (Docket No. 18). Thus, the Court finds that the best reading of defendant's submissions, and defendant's position, is that she agrees that the ALJ did err in discounting plaintiff's testimony. Further, to the extent defendant simply neglected to consider this aspect of plaintiff's briefing, the Court would consider defendant's failure to address it as waiver of any potential argument that the ALJ did not err. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

Nonetheless, as with Dr. Clark's testimony, the Court finds that this matter calls for further administrative proceedings. Outstanding issues remain regarding plaintiff's testimony, the record is not fully developed, further proceedings would be useful, and the Court retains doubts regarding whether plaintiff is disabled even if it credited plaintiff's testimony (and Dr. Clark's opinions, as discussed above) as true. Specifically, as with Dr. Clark's opinions, further proceedings are required regarding plaintiff's history of alcohol and drug use, *e.g.*, Tr. 352, 415, 422, 678-79, 683, 686, 689, 726, his daily activities, *e.g.*, Tr. 63, 243-46, 254, and his history of mental health care (including potential effects of treatment and medication), *e.g.*, Tr. 420, 430, 460, 475, 489, 673, 675-76, 686, 687, 706-09, 718-21, 761, 764.

As to plaintiff's subjective symptom testimony, immediate award of benefits is not justified, this matter requires remand for further proceedings.

## IV. Remedy

As explained above, the proper remedy is not to credit the disputed opinions and testimony as true, but rather to remand for further administrative proceedings. Upon remand, the ALJ will:

- offer Plaintiff the opportunity to submit additional evidence and arguments;
- offer Plaintiff an opportunity for a new hearing;
- reconcile the conflict between the ALJ's decision, which references Dr. Clark as the medical expert who testified at the hearing, and the reference to "Lisa W. Parker" as the medical expert in the administrative hearing transcript;
- further evaluate the medical opinion evidence of record, in particular the opinion of Rita Clark, M.D.;
- further evaluate Plaintiff's subjective complaints;
- if warranted, obtain vocational expert and/or medical expert testimony; and
- perform new step four and step five analyses.

Def. Br. & Mot., at 2 (Docket No. 18). The Court thus orders remand for further proceedings as the Commissioner proposes.

## CONCLUSION

For these reasons, the Court REVERSES the ALJ's decision and REMANDS this matter for further administrative proceedings, consistent with the above.

IT IS SO ORDERED.

DATED this 23rd day of September, 2019.

                                                ___s/ Patricia Sullivan_____
                                                PATRICIA SULLIVAN
                                                United States Magistrate Judge